**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| CHRISTOPHER T. GREEN, | : | |
| | : | Civ. Action No. 16-3353 (JHR) |
| Petitioner, | : | |
| | : | |
| v. | : | **MEMORANDUM AND ORDER** |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |

This matter is before the Court upon Petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (("2255 Mot." ECF No. 1.) Petitioner was sentenced to life imprisonment in this Court on September 22, 1995. (Id., ¶¶2-3, Criminal Action No. 95-224-001.) Petitioner filed his first motion under 28 U.S.C. § 2255 in November 1998, and the motion was denied as time-barred. (Id., ¶11.) Petitioner now seeks to assert a new rule of constitutional law in a successive § 2255 motion. (Id., ¶12(c)(7)).

In addition to his § 2255 motion, Petitioner filed a motion for leave to file amended motion pursuant to § 2255. (ECF No. 1-2.) Petitioner asserts that he has filed a "placeholder" § 2255 motion although he has not yet completed his research, which he believes he can complete in 30 days. (Id. at 3.) He asks this Court to hold his motion in abeyance and permit him leave to file an

1

amended motion "within a reasonable time. [After appointment of Counsel]." (Id.)

Petitioner has also filed a "Memorandum of Law in Support of 'Placeholder' Motion." (ECF No. 1-3.) Petitioner notes that on April 18, 2016, the Supreme Court in Welch v. United States, 136 S.Ct. 1257 (2016) held that Johnson v. United States, 135 S.Ct. 2551 (2015) is retroactive on collateral review. (Id. at 2.) Petitioner contends that "[s]ome courts are now applying Johnson to 18 U.S.C. § 924(c) crimes that rely on the "residual clause" of § 924(c)(3)." It appears that Petitioner would like to raise such a claim in a successive § 2255 motion.

Petitioner also filed a "Motion Under Circuit Rule 22 For An Order Authorizing District Court to Consider a Successive Motion under 28 U.S.C. § 2255," and a memorandum of law in support of the motion (ECF No. 1-4 and 1-5.) It is not clear from his submissions whether Petitioner filed this motion and supporting memorandum in the Circuit Court, and a search of the Public Access to Court Electronic Records "PACER", suggests he did not.

Under 28 U.S.C. § 2244(b)(3):

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

2

"When a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002).

Under 28 U.S.C. § 1631:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action or appeal could have been brought at the time it was filed . . . and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

Petitioner asserts that he seeks to proceed on a successive § 2255 motion on the basis of a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court. See 28 U.S.C. § 2255(h). Therefore, it is in the interest of justice to transfer this case to the Third Circuit Court of Appeals for consideration of whether the district court is authorized to consider Petitioner's successive application for relief under § 2255.

IT IS THEREFORE on this 20th day of June, 2016,

3

ORDERED that the Clerk shall transfer Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255, and the attachments thereto (ECF No. 1) to the United States Circuit Court of Appeals for the Third Circuit, pursuant to 28 U.S.C. § 1631; and it is further

ORDERED that the Clerk shall serve a copy of this Order upon Petitioner by regular U.S. mail, and it is further

ORDERED that the Clerk shall close this matter.

_____
**JOSEPH H. RODRIGUEZ**
**United States District Judge**