UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTOPHER GREEN, :<br>: <br>Petitioner, :<br>:<br>v. :<br>:<br>UNITED STATES OF AMERICA, :<br>:<br>Respondent. :<br>: | Civil Action No. 16-3353 (JHR)<br><br>OPINION |

**RODRIGUEZ, Senior District Judge**

**I.     INTRODUCTION**

Presently before the Court is Petitioner Christopher Green's ("Petitioner") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 1, "Motion".) The Government filed a response (ECF No. 14), and Petitioner replied (ECF No. 20). For the reasons set forth below, the Court will deny Petitioner's § 2255 Motion and will not issue a certificate of appealability.

**II.    BACKGROUND**

On May 15, 1995, a federal grand jury sitting in Newark, New Jersey returned an Indictment against Petitioner, charging him with: (1) robbery of a postal facility, 18 U.S.C. § 2114 (Count One); (2) murder of a postal worker, 18 U.S.C. §§ 1111 and 1114 (Counts Two and Three); (3) use of a firearm during the commission of a crime of violence causing death, 18 U.S.C. § 924(c), (i)[1] (Count Four); and (4) possession of a firearm in a federal facility used to murder and

---

[1] On October 11, 1996, subsection (i) was re-designated to subsection (j). *See* 18 U.S.C. §924(j).

to attempt to murder, 18 U.S.C. §930(b), (c) (Count Five). (*See* ECF No. 14-1 at 2-8.) On June 8, 1995, Petitioner pled guilty to all five counts. (*See id.* at 10-37.)

On September 25, 1995, the Court sentenced Petitioner to a term of 25 years' imprisonment on Count One and to a term of life imprisonment on the remaining counts, Counts Two through Five, with Count Four to run consecutive to the sentences imposed in Counts One, Two, Three, and Five. (*See id.* at 38-84.) Petitioner did not file a direct appeal.

On June 15, 1998, Petitioner filed his first §2255 motion, which the undersigned denied on January 29, 1999, as time-barred. (*Id.* at 87-92.) The Third Circuit Court of Appeals denied Petitioner's request for a certificate of appealability on February 7, 2000. (*See* 3d Cir. No. 99-5164.)

On June 10, 2016, Petitioner filed his second §2255 motion based on the then-recent Supreme Court decision in *Johnson v. United States*, 576 U.S. 591 (2015). (ECF No. 1.) In *Johnson*, the Supreme Court struck down as unconstitutionally vague the residual clause "crime of violence" definition found in the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e)(2)(B)(ii). On June 20, 2016, the Court transferred the motion to the Third Circuit for consideration of whether the district court was authorized to consider Petitioner's successive application for relief under §2255. (ECF No. 2.) In August 2019, the Third Circuit granted permission to numerous prisoners, including Petitioner, to proceed with their successive §2255 motions based on *United States v. Davis*, ––– U.S. –––, 139 S. Ct. 2319, 204 L.Ed.2d 757 (2019). *See In re Matthews*, 934 F.3d 296, 298 n.2 (3d Cir. 2019).

In his instant §2255 motion, Petitioner argues his conviction for violating §924(c) must be vacated because the predicate conviction for robbery of a postal facility no longer constitutes a crime of violence. (ECF No. 1.)

2

### III. LEGAL STANDARD

A prisoner in federal custody may file a motion pursuant to 28 U.S.C. § 2255 challenging the validity of his or her sentence. Section 2255 provides in relevant part that:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Unless the moving party claims a jurisdictional defect or a constitutional violation, to be entitled to relief the moving party must show that an error of law or fact constitutes "a fundamental defect which inherently results in a complete miscarriage of justice, [or] an omission inconsistent with the rudimentary demands of fair procedure." *United States v. Horsley*, 599 F.2d 1265, 1268 (3d Cir. 1979) (quoting *Hill v. United States*, 368 U.S. 424, 429 (1962)), *cert. denied* 444 U.S. 865 (1979); *see also Morelli v. United States*, 285 F. Supp. 2d 454, 458-59 (D.N.J. 2003). A district court must hold an evidentiary hearing on a § 2255 motion unless the "motion and the files and records of the case conclusively show" that the movant is not entitled to relief. 28 U.S.C. § 2255(b); *see also United States v. Booth*, 432 F.3d 542, 545–46 (3d Cir. 2005).

### IV. DISCUSSION

In his motion to vacate sentence, Petitioner argues that his 18 U.S.C. §924(c) conviction must be vacated because it depends on the "residual clause," a provision that the Supreme Court has found is void for vagueness. Specifically, Petitioner states that he "was convicted of a crime of non-offense which this Court did not have jurisdiction as a crime of violence under the force clause at 18 U.S.C. §924(c)(3)(B)." (ECF No. 1-4 at 3-4.) Plaintiff was convicted of robbery of a postal facility under 18 U.S.C. § 2114, which Plaintiff appears to argue no longer qualifies as a crime of violence under the rule announced by the Supreme Court in *Johnson*. Following *Johnson*,

the Supreme Court issued its decision in *United States v. Davis*, –– U.S. ––, 139 S. Ct. 2319, 204 L.Ed.2d 757 (2019), which invalidated a similarly-worded residual clause found in 18 U.S.C. § 924(c)(3)(B). Thus, the Court construes Petitioner's motion as arguing his §924(c) conviction is no longer valid because his conviction for robbery of a postal facility in violation of § 2114 cannot serve as § 924(c) predicate as it does not constitute a crime of violence after *Davis*.

Section 924(c) provides in relevant part that:

> any person who, during and in relation to a *crime of violence* or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—
>
> (i) be sentenced to a term of imprisonment of not less than 5 years;
>
> (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
>
> (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C. §924(c)(1)(A) (emphasis added). The term "crime of violence" in § 924(c)(1)(A) is explicitly defined in 18 U.S.C. § 924(c)(3) to mean a felony that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Section 924(c)(3)(A) is known as the statute's "elements clause," while § 924(c)(3)(B) is known as the "residual clause." The residual clause's constitutionality was addressed in *Davis*, where the Supreme Court concluded that the residual clause was unconstitutionally vague. 139 S. Ct. at 2325-2333. Thus, for a crime to fall within the definition of a "crime of violence" under section 924(c),

it must satisfy the elements clause. *Id.* Under the elements clause, a crime constitutes a valid "crime of violence" where the "offense is a felony" and it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." *Id.* at 2324.

The Court need not decide the merits of Petitioner's claim that his §924(c) conviction is no longer valid, because even with a favorable ruling on the merits, his petition is barred by the concurrent sentence doctrine. The concurrent sentence doctrine provides that "a federal court may decline to review an alleged error where concurrent sentences were imposed on separate counts, where the alleged error is associated with only one count, and where the remaining sentences are unassailable." *Nosov v. Schuylkill FCI*, 634 F. App'x. 379, 380 (3d Cir. 2016) (citing *United States v. McKie*, 112 F.3d 626, 628 (3d Cir. 1997)); *see also Logan v. Dist. Att'y Allegheny Cty.*, 752 F. App'x 119, 122 (3d Cir. 2018). As the Third Circuit reasons, because the petitioner "remains sentenced in any event, reviewing the concurrently sentenced counts is of no utility. The practice is eminently practical and conserves judicial resources for more pressing needs." *Jones v. Zimmerman*, 805 F.2d 1125, 1128 (3d Cir. 1986). "This doctrine should be applied only where it is apparent that a defendant will not suffer collateral consequences from the unreviewed conviction." *United States v. Robinson*, 2021 WL 5083992 at *2 (E.D. Pa. 2021) (citing *United States v. Clemons*, 843 F.2d 741, 743 n. 2 (3d Cir. 1988)).

Collateral consequences in the direct appeal context can include "a potential delay in the defendant's eligibility for parole, an increased sentence under a recidivist statute for a future offense, the use of the additional conviction to impeach the defendant's credibility, and the societal stigma accompanying any criminal conviction." *United States v. Ross*, 801 F.3d 374, 382 (3d Cir. 2015) (citing *Ball v. United States*, 470 U.S. 856, 865 (1985)). However, in the habeas context, "the collateral consequences of a conviction for . . . a concurrent sentence . . . must rise to the level

of 'custody' to be redressable." *Logan*, 752 F. App'x at 122 (citing *Gardner v. Warden Lewisburg USP*, 845 F.3d 99, 104 (3d Cir. 2017); *Ross*, 801 F.3d at 383). The Third Circuit explained that the "term 'custody' in federal habeas statutes is 'designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty.'" *Id.* at 122 n.5 (quoting *Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973)). As a result, "the collateral consequences that attach to the conviction at issue must pose a severe and immediate restraint on the petitioner that is not shared by the public generally." *Id.*

In this case, in addition to Petitioner's life sentence for his § 924(c) conviction, Petitioner is serving three additional life sentences for his convictions on two counts of killing employees of the Postal Service, 18 U.S.C. §§ 1114 and 1111, and one count of possession of a firearm in a federal facility used to murder and to attempt to murder, 18 U.S.C. § 930(b),(c). The Court notes that Petitioner's three additional life sentences are to run consecutively to- rather than concurrently with-his challenged § 924(c). However, the Third Circuit recently held that the concurrent sentence doctrine may apply to a petitioner's challenge to his sentence that was to run consecutive to his unchallenged life sentence. *Duka v. United States*, 27 F.4th 189, 194-195 (3d Cir. 2022). In *Duka*, the Third Circuit found the practical concerns underlying the concurrent sentence doctrine were present, reasoning that because the life sentences were unchallenged, "even a complete vacatur of their Section 924(c) sentences will not reduce the time Appellants served in prison." *Id.* at 195.

As this Court previously determined through Petitioner's first §2255 proceeding, Petitioner's three additional life sentences remain valid. Accordingly, even if Petitioner was successful on the merits of his claim here, it would only abrogate his §924(c) sentence, and "any potential relief would not reduce the time he is required to serve." *Logan*, 752 F. App'x at 122; *see Edelman v. Bradley*, No. 20-01040, 2020 WL 4819870, at *3 (M.D. Pa. Aug. 19, 2020) (citing

6

*Gardner*, 845 F.3d at 104 ("Although the range of adverse collateral consequences is quite broad . . . Gardner cannot show that any rise to the level of 'custody' in this case given his other life sentences.")).

Petitioner filed a reply and failed to argue any collateral consequences. The Third Circuit has held, if the petitioner argues the concurrent sentencing doctrine is inappropriate because he is subject to unique collateral consequences, the petitioner bears the burden of identifying those unique collateral consequences. *See Gardner*, 845 F.3d at 104 (affirming application of concurrent sentence doctrine because petitioner "identifies no such [collateral] consequences in his case, even as he emphasizes this exception to the concurrent sentencing doctrine"); *Ross*, 801 F.3d at 382–83 (similar).

## V.     CONCLUSION

For the reasons stated above, Petitioner's second or successive § 2255 motion (ECF No. 1) is **DENIED** and Petitioner is **DENIED** a certificate of appealability.  An appropriate order follows.

Dated: September 29, 2022

> */s/ Joseph H. Rodriguez*
> **HONORABLE JOSEPH H. RODRIGUEZ**
> UNITED STATES DISTRICT JUDGE